PER CURIAM.
 

 Appellant appeals the trial court’s Final Judgment Modifying Final Judgment of
 
 *1264
 
 Dissolution of Marriage, raising four issues. We affirm without further comment as to the first three issues; however, for the reasons explained below, we reverse as to the fourth issue.
 

 In its Final Judgment, the trial court
 
 sua sponte
 
 ordered:
 

 The Former Wife shall also execute all HIPAA releases and other documents necessary to permit the Former Husband to confer in person or by telephone with her prescribing physician. The Former Wife shall advise the Former Husband of the name, address, and phone number of that physician(s), and shall promptly advise him should she change or add a physician(s).
 

 Although the trial court’s order explained the grounds for ordering Appellant to undergo a substance abuse evaluation, the court made no findings of fact or conclusions of law to support its order for Appellant to execute releases so that Appellee can confer with her physicians.
 

 On appeal, both parties acknowledge that neither side requested the trial court give Appellee access to Appellant’s physicians. Appellee now argues that the trial court’s order is reasonable because it allows him to ensure that the minor children will be physically safe during the court-prescribed “timesharing” periods with their mother.
 

 As noted, this portion of the trial court’s order was issued
 
 sua sponte,
 
 and Appellee did not make this argument below; consequently, it is not clear whether the trial court’s concern for the children’s safety while staying with Appellant formed a basis for its decision. To the extent this was a concern, however, the trial court addressed it in ordering supervised visitation if Appellant’s substance abuse evaluation indicated a need for treatment.
 

 This court has held, “In any case where a trial court’s failure to make adequate factual findings interferes with an appellate court’s ability to determine whether an abuse of discretion has occurred, reversal is necessary.”
 
 J.S. v. Fla. Dep’t of Children & Families,
 
 18 So.3d 1170, 1178 (Fla. 1st DCA 2009). Given that the trial court made no findings of fact or conclusions of law in support of this portion of its order, this court cannot conduct a meaningful review. Accordingly, we reverse the portion of the trial court’s order instructing Appellant to execute all HIPAA releases and other documents necessary to give Appellee access to Appellant’s physicians.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 BENTON, THOMAS, and ROWE, JJ„ concur.